MORTON's executors *against* CROGHAN's terre-tenants.

SEVERAL defendants appeared and pleaded by one attorney, and being entitled to costs against the plaintiffs, (*vid. S. C.* 20 *John.* 106,) the question was submitted whether a *retaining fee* should be allowed for *each* tenant.

*Curia.* Only one retaining fee is allowable. It would have been otherwise, had the defendants appeared by *different* attornies. This they were entitled to do, but they have chosen to proceed *jointly.*

One retaining fee only allowed.

Where several defendants appear and plead by only one retaining fee will be allowed in taxation against the plaintiff.

Otherwise, when they appear by *different* attornies.

jurors take, to which their statute has superadded an oath against all communication with others, in relation to the subject in hand. "No evils," says he, "that I perceive, result from the practice, in pursuance of this construction, which would not follow the separation of jurors after they had agreed on, and before they had delivered up their verdict. This the statute permits. I presume, also, with us, where Courts are in the habit of returning juries to a second consideration, if the jury should agree upon a verdict, and then separate ; and, after reflection, should, on the next day, agree upon a different verdict, they might lawfully do so. If they may, the agreement is of no avail; and, under a different practice, would soon be a mere pretence for separation. Nothing, then, short of a rigorous confinement, according to the rule of the common law, till the verdict is delivered up, would attain the object sought. Many inconveniences would follow a literal execution of the statute, as claimed. It would hazard many late judgments now considered at rest. It would make a very unpleasant innovation upon the habits of our jurors ; and I am confident that justice would not be promoted, truth more clearly discovered, or parties be better satisfied, by hurrying on a jury to a hasty decision, and denying them respite, or repose till they should agree. Causes are often committed to the jury, at a late hour of the day, which require much reflection, investigation, and sometimes calculation. They will, generally, be ill prepared for this, immediately after the fatigues of a tedious trial, and may be unable to come to a result in seasonable hours ; yet such are the cases to which the rule will most frequently apply. In ordinary cases the jury have no occasion to separate, and seldom do. This construction of the statute does not appear to me unreasonable. It is certainly conformable to the temper of the times, and the habits of our citizens. And I am not convinced that we are now bound to abandon it, after it has been sanctioned by so long and quiet usage ; nor that the advantages would over-